IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 20-cv-3460

LILIYA TINNIN,

    Plaintiff,

vs.

VLADIMER LESNER,

    Defendant.

## COMPLAINT

Plaintiff Liliya Tinnin, by her attorney Robert M. Liechty of ROBERT M LIECHTY PC, brings her complaint as follows:

1.      Plaintiff Liliya Tinnin resides in Winter Park, Colorado.  Since the summer of 2018, she has worked at TRDLO Street Bakery in Winter Park, Colorado.  Defendant Vladimer Lesner also resides in Winter Park.  He used to own the bakery where Ms. Tinnin worked, which he sold on approximately August 5, 2020.

2.      Ms. Tinnin brings two claims: (1) a claim for unpaid overtime under the FLSA, 29 USC §216(b), and (2) a claim for unpaid wages under Colorado's Wage Claim Act, CRS §8-4-109.  Federal subject-matter jurisdiction is proper under 28 USC §1331 and venue is proper in this court.

3.      During the time that plaintiff worked at the bakery, Mr. Lesner was the sole owner and the sole manager.  As such, he is an "employer" under the Fair Labor

Standards Act, 29 USC §203(d), which states that an "'employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee…" **See also *Chao v. Hotel Oasis, Inc.*,** 493 F.3d 26, 34 (1st Cir. 2007)("'the overwhelming weight of authority is that a corporate officer with operational control of the corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages'").

4.     Over the two years for which Ms. Tinnin worked for Mr. Lesner, he underpaid her at least $2,007 in overtime wages, which violates 29 USC §207(a)(2). This amount is under-counted because Mr. Lesner has not provided Ms. Tinnin all the pay stubs she requested.

5.     The failure to pay overtime wages when Ms. Tinnin worked more than 40 hours per week was a willful violation of the FLSA.  Thus, Ms. Tinnin may recover under 29 USC §255(a) her unpaid overtime wages up to three years prior to the filing of this complaint and she may also recover under 29 USC §216(b) an equal amount as liquidated damages.  She is also entitled to her attorney's fees under §216(b).

6.     Mr. Lesner also failed to provide Ms. Tinnin her share of the tips, which Ms. Tinnin estimates totals $11,275 over the two years, for total unpaid compensation to the time of the sale of the bakery of at least $13,282.

7.     Under the amendment to Colorado's Wage Claim Act, as of July 14, 2020, "'employer' has the same meaning as set forth in the federal 'Fair Labor Standards Act,' 29 USC §203(d)."  **See** CRS §8-4-101(6).

8.      On September 30, 2020, Ms. Tinnin wrote Mr. Lesner a letter demanding the above back pay.  He did not pay her any backpay.  This written request complied with the provisions of Colorado's Wage Claim Act, CRS §8-4-109(3)(a).

9.      Defendant is subject to the penalties set forth in §8-4-109(3)(b) for the unpaid $13,282, which penalties amount to $12,266.

10.     In addition, defendant's failure to pay was willful and is subject to the 50% increased penalty set forth in §8-4-109(3)(c), which amounts to an additional $6,133.

11.     Thus, defendant is liable for the following:

$13,282      for unpaid wages
$12,266      for penalties under §8-4-109(3)(b)(I)
  $6,133     for penalties under §8-4-109(3)(c)
$31,681

12.     Plaintiff is entitled to 8% interest on this amount under CRS §5-12-102(1)(b) and is entitled to her reasonable costs and attorney's fees under §8-4-110(1).

WHEREFORE, plaintiff respectfully requests that this Court enter judgment in her favor and for interest, costs, attorney's fees, and such other relief as this court may deem proper.


Respectfully submitted this November 23, 2020.

By:   s/    *Robert M. Liechty*
Robert M. Liechty
ROBERT M LIECHTY PC
1800 Gaylord St.
Denver, Colorado 80206
Tel: (303) 861-5300
Fax: (303) 861-2746
Email:  rliechty@crossliechty.com
ATTORNEY FOR PLAINTIFF

Address of plaintiff:
P.O. Box 1143
Winter Park, CO 80482