IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03460-STV

LILIYA TINNIN,

    Plaintiff,

v.

VLADIMER LESNER,

    Defendant.
_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Defendant Vladimir Lesner's[1] Motion to Dismiss the Amended Complaint (the "Motion"). [#24] The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##17-18] This Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **GRANTED**.

---

[1] Defendant's name is misspelled in the Amended Complaint. [#24 at 1 n.1] the Court uses the correct spelling of his name in this Order.

1

I.   **FACTUAL BACKGROUND**[2]

Since the Summer of 2018, Plaintiff has worked at the TRDLO Street Bakery (the "Bakery") in Winter Park, Colorado. [#13, ¶ 1] The Bakery primarily sold take-out baked goods, but there were four tables where customers could buy baked goods and eat them at the store. [*Id.* at ¶ 5] Plaintiff would arrive before opening to help bake the goods. [*Id.*] Once the Bakery opened in the mornings, Plaintiff was the only full-time employee serving the customers. [*Id.*] During her employment, Plaintiff performed ninety percent of the front-of-the-house work with customers. [*Id.* at ¶ 3]

Defendant is the former owner of the Bakery. [*Id.* at ¶¶ 1, 3] The Bakery had four to five employees, including Defendant. [*Id.* at ¶ 3] Defendant would come and go throughout the day. [*Id.*] Defendant was the only manager, "with the exception that sometimes his wife would seem to take a management role." [*Id.* at ¶ 4] Defendant never served the customers nor operated the cash register. [*Id.* at ¶ 5] Defendant sold the Bakery on August 5, 2020. [*Id.* at ¶ 1]

Customers would primarily leave tips on credit cards though some tips were left on the table tops or in the tip jar. [*Id.* at ¶ 5] Plaintiff alleges that Defendant took the tips for his own purposes, only occasionally providing the tips to employees. [*Id.* at ¶ 9] Plaintiff estimates that she was not paid $11,275 in tips and $2,296 in overtime wages in the two years preceding her filing of the instant lawsuit. [*Id.* at ¶¶ 6, 9]

---

[2] The facts are drawn from the allegations in the Amended Complaint [#13], which must be taken as true when considering a motion to dismiss. *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir.2011)).

On November 23, 2020, Plaintiff filed the instant action. [#1] The Amended Complaint alleges a Fair Labor Standards Act ("FLSA") claim for unpaid overtime and a Colorado Wage Claim Act ("CWCA") claim for unpaid wages. [*See generally* #13] Defendant moves to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). [#24] Plaintiff has responded [#25], and Defendant replied [#26].

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court

is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## III. ANALYSIS

Defendant makes two arguments in support of his Motion. First, Defendant argues that Plaintiff has failed to plead sufficient facts to hold Defendant personally liable for the alleged FLSA and CWCA violations. [#24 at 3-4] Second, Defendant argues that Plaintiff has failed to plead sufficient facts to support that she was entitled to tips as part of her employment. [*Id.* at 4-6] Because the Court agrees that Plaintiff has failed to allege sufficient facts to hold Defendant personally liable for the alleged FLSA and CWCA violations, the Court does not address Defendant's alternative argument.

"Although Congress did not intend the FLSA to lightly disregard the shield from personal liability provided by doing business in a corporate or limited liability form, this does not mean an officer may never be held personally liable for the nonpayment of wages." *Jackson v. W. Architectural Servs., LLC*, No. 2:18-CV-849, 2020 WL 2747856, at *4 (D. Utah May 27, 2020) (quotation omitted). "Instead, the consensus is that an officer may be held personally liable for the nonpayment of wages if the officer meets the [FLSA's] definition of an employer and had sufficient involvement in the non-payment of wages." *Id.*

Under the FLSA, an "employer" is defined to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."[3] 29 U.S.C. § 203(d).

---

[3] Employer has the same meaning under the CWCA as it does under the FLSA. Colo. Rev. Stat. § 8-4-101(6).

"Person" includes "an individual," and "employ" includes "to suffer or permit to work." *Id.* §§ 203(a), 203(g). "Courts are to construe the terms 'employee' and 'employer' expansively and an employee may have more than one employer responsible for the FLSA provisions." *Mason v. Miro Jewelers, Inc.*, No. 19-CV-02459-LTB-KLM, 2020 WL 6828015, at *2 (D. Colo. Mar. 17, 2020), *reconsideration* denied, 2020 WL 6828014 (D. Colo. June 17, 2020).

"An employer is generally considered as someone who: (1) has the power to hire and fire the employee; (2) supervises and controls the employee's work schedule or conditions of employment; (3) determines the rate and method of payment; and (4) maintains employment records." *Id.* (citing *Lopez v. Next Generation Constr. & Env't, LLC*, Civil Action No. 16-cv-00076-CMA-KLM, 2016 WL 6600243, at *4 (D. Colo. Nov. 8, 2016)); *Robertson v. Bd. of Cnty. Comm'rs*, 78 F. Supp. 2d 1142, 1151 (D. Colo. 1999) (the "*Robertson* factors"). "No one factor is dispositive, but instead a court must consider the economic realities and the circumstances of the whole activity." *Robertson*, 78 F. Supp. 2d at 1151 (quotation omitted). "Courts have also looked at the level of operational control the individual has over the company, including whether the individual is 'involved in the day-to-day operation or ha[s] some direct responsibility for the supervision of the employee.'" *Lopez*, 2016 WL 6600243, at *4 (quoting *Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1189-90 (D. Colo. 2012)). Nonetheless, ownership by itself does not qualify an individual as an employer under the FLSA. *Mason*, 2020 WL 6828015, at *2; *Inniss v. Rocky Mountain Inventory, Inc.*, 385 F. Supp. 3d 1165, 1168 (D. Colo. 2019) ("[O]wnership by itself is not relevant under the *Robertson* factors.").

5

Here, the Amended Complaint fails to set forth any facts by which the Court could analyze the *Robertson* factors to determine whether Defendant qualifies as an employer under the FLSA. The Amended Complaint merely states that Defendant "was the only manager, with the exception that sometimes his wife would seem to take a management role." [#13, ¶ 4] This single statement does not allow the Court to determine whether Defendant supervised and controlled the employees' work schedule or conditions of employment, determined the rate and method of payment, or maintained employment records. Indeed, based upon the limited allegations in the Amended Complaint, Defendant's wife could have been in charge of these operational functions. And "[w]hile it is certainly possible that [Defendant], as [owner], had some operational control over [the Bakery], the Court's function at this junction is not to weigh potential possibilities but to assess the facts alleged in [Plaintiff's] complaint to determine whether they are legally sufficient to state a claim for relief." *Lopez*, 2016 WL 6600243, at *4. Accordingly, because Plaintiff has not plausibly pled that Defendant is an employer under the FLSA or the CWCA, the Court GRANTS the Motion and DISMISSES the Amended Complaint. *Mason*, 2020 WL 6828015, at *2; *Lopez*, 2016 WL 6600243, at *4. The Amended Complaint is DISMISSED WITHOUT PREJUDICE. *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding prejudice should not attach to dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues").

**IV.  CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss [#24]. The Amended Complaint [#13] is **DISMISSED WITHOUT PREJUDICE**. Should

Plaintiff seek to remedy the deficiencies identified in this Order, Plaintiff shall file a Second Amended Complaint by July 28, 2021. Should Plaintiff fail to file a Second Amended Complaint by that date, judgment will enter in favor of Defendant.

DATED: July 7, 2021

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge